INTERNATIONAL UNION, UNITED
MINE WORKERS OF AMERICA,
Petitioner,

v.

MINE SAFETY AND HEALTH AD-
MINISTRATION and Elaine Chao,
Secretary of Labor, Respondents.

No. 02–1146.

United States Court of Appeals,
District of Columbia Circuit.

May 27, 2003.

Before: SENTELLE, HENDERSON
and TATEL, Circuit Judges.

*JUDGMENT*

PER CURIAM.

This case was considered on the record from the Mine Safety and Health Administration, the briefs of the parties, and the oral arguments of counsel. It is

**ORDERED** and **ADJUDGED** that the United Mine Workers of America's petition be denied. The UMWA asserts that the agency's high-voltage longwall mining rule, Electric Motor–Driven Mine Equipment and Accessories and High–Voltage Longwall Equipment Standards for Underground Coal Mines, 67 Fed.Reg. 10,972 (Mar. 11, 2002) (to be codified at 30 C.F.R. pts. 18 and 75), violates section 101(a)(9) of the Federal Mine Safety and Health Act of 1977, 30 U.S.C. § 811(a)(9). We do not reach the merits of the UMWA's statutory argument, however, because section 101(d) of the Act, 30 U.S.C. § 811(d), requires that "[n]o objection that has not been urged before the Secretary [of Labor] shall be considered by the court, unless the failure or neglect to urge such objection shall be excused for good cause shown." *See also Nat'l Mining Ass'n v. MSHA,* 116 F.3d 520, 532 (D.C.Cir.1997) (applying 101(a)(9) to decline to reach objection not urged before the MSHA).

Here, the UMWA's only answer to the charge that it failed to urge its statutory argument before the agency is a letter submitted by the UMWA and the Bitumi-

nous Coal Operators' Association (1) "joint[ly] recommend[ing]" that mine operators "continue to comply" with certain safety standards then in effect at certain mines and (2) requesting that the agency "incorporat[e] ... into the preamble of the final rule" the "requirement" that mine operators continue to comply with the indicated safety standards. The letter contains no citation to section 101(a)(9) or to any other statutory provision. In fact, no part of the letter purports to represent anything more than the commenters' views about proper mine safety policy and no part contains any hint of the entirely different argument that the UMWA now urges before this court, namely that section 101(a)(9) *obligates* the agency to preserve the indicated safety standards. The request that existing safety standards be protected by language in the preamble, rather than in the rule itself, further indicates that the UMWA's letter was more in the nature of a general policy comment than an argument about statutory necessity, since it is well-settled that preambles, though undoubtedly "contribut[ing] to a general understanding" of statutes and regulations, are not "operative part[s]" of statutes and regulations. *Nat'l Wildlife Fed'n v. EPA*, 286 F.3d 554, 569–70 (D.C.Cir.2002) (internal quotation marks and citation omitted).

Because the UMWA failed to preserve its statutory arguments before the agency, and because it has not argued "good cause" excuse before this court, we conclude that section 101(d) deprives this court of jurisdiction over the present petition.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for re-

hearing or rehearing en banc. *See* FED. R.APP. P. 41(b); D.C. CIR. RULE 41.